IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JOSEPH D. EBERT,

      Plaintiff,

v.                                Civil Action No. 5:10CV46
                                                (STAMP)

DESCO CORPORATION,
a foreign corporation,
BELLOFRAM CORPORATION,
a foreign corporation,
BELLOFRAM CORPORATION,
a foreign corporation
d/b/a MARSH BELLOFRAM
and MARSH BELLOFRAM,

      Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND AND
DENYING MOTION FOR ATTORNEY'S FEES AND COSTS**

I. Background

The above-styled civil action is before this Court as a result
of a notice of removal filed by the defendants, in which they
assert that federal jurisdiction is pursuant to 28 U.S.C. §
1332(a). The plaintiff commenced this civil action in the Circuit
Court of Hancock County, West Virginia, alleging that the
defendants' negligent, unlawful, reckless, and careless acts caused
the plaintiff injury when a former employee of the defendants
entered the workplace through an unsecured entrance and shot the
plaintiff several times in the hand, shoulder, and neck. Following
removal of the action to this Court, the plaintiff filed a motion
to remand to which the defendants responded and the plaintiff
replied. In his motion to remand, the plaintiff also requests an

award of attorney's fees and costs incident to filing the motion. For the reasons set forth below, the plaintiff's motion to remand is denied, and his motion for attorney's fees and costs is also denied.

## II.  <u>Applicable Law</u>

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).  The party seeking removal bears the burden of establishing federal jurisdiction.  <u>See</u> <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  <u>Id.</u>

## III.  <u>Discussion</u>

A.  <u>Motion to Remand</u>

The plaintiff argues that this action must be remanded to state court because the parties are not completely diverse. Specifically, the plaintiff asserts that defendant Bellofram Corporation has its principal place of business in Newell, Hancock County, West Virginia, making it a non-diverse party, and the

removal of this matter based on diversity jurisdiction improper. The defendants respond that Bellofram Corporation is incorporated in the state of Ohio, and that its principal place of business is located in Columbus, Ohio, where its corporate headquarters remains. Thus, the defendants contend that diversity jurisdiction exists.

For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In diversity cases, the principal place of business of a corporation is a preliminary question of fact to be resolved by the trial court. Sligh v. Doe, 596 F.2d 1169, 1171 (4th Cir. 1979). The nature of a corporation's presence in a particular state is determined on a case-by-case basis. Long v. Silver, 248 F.3d 309, 314 (4th Cir. 2001) (citing Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 291 (4th Cir. 1999)).

In the past, the United State Court of Appeals for the Fourth Circuit has employed two alternate tests to determine a corporation's principal place of business. Athena Auto, 166 F.3d at 290. Under the first test, commonly referred to as the "nerve center" test, the home office or place where the corporation's officers direct, control, and coordinate its activities is determinative. Id. Under the second test, termed the "place of operations" test, the place where the bulk of corporate activity takes place controls. Id.

Refusing to adopt either test to the exclusion of the other, the Fourth Circuit has held that the application of one test may be more appropriate than the other depending on the facts of a particular case. See Peterson v. Cooley, 142 F.3d 181, 184 (4th Cir. 1998). For instance, the "nerve center" test was more appropriately applied when a corporation engaged primarily in the ownership and management of geographically diverse investment assets. Id. The "place of operations" test, conversely, was more appropriate when the corporation had "multiple centers of manufacturing, purchasing, or sales." Id.

Recently, however, the United States Supreme Court has held that for purposes of diversity jurisdiction, a corporation's principal place of business is its "nerve center." Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010). Particularly, the Supreme Court unanimously stated:

> In an effort to find a single, more uniform interpretation of the statutory phrase [principal place of business], we have reviewed the Court of Appeals' divergent and increasingly complex interpretations . . . . We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

Id. at 1192. Accordingly, in light of this recent Supreme Court ruling, this Court applies the "nerve center" test to the facts of this case.

Under the "nerve center" test, Bellofram Corporation's principal place of business is not in West Virginia. The operational and financial management of the company is directed and controlled from Columbus, Ohio; mergers and acquisition functions performed by or for Bellofram Corporation are handled or managed from Columbus, Ohio; and administrative functions such as employee benefits, payroll administration, and legal services are performed in Columbus, Ohio. (Siemer Aff. ¶¶ 8, 15.) This Court finds that pursuant to the "nerve center" test for determining principal place of business, Bellofram Corporation is not a citizen of West Virginia. Accordingly, complete diversity exists between the parties to this litigation, and the plaintiff's motion to remand must be denied.

B. Motion for Attorney's Fees and Costs

In addition to remand, the plaintiff asks that this Court award him the attorney's fees and costs associated with pursuing this motion. With respect to the award of attorney's fees and costs, the Fourth Circuit has found that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. In re Lowe, 102 F.3d 731, 733 n. 2 (4th Cir. 1996). This Court finds that such fees and costs are inappropriate in this matter because

the defendants have asserted a valid claim to removal jurisdiction in this Court. Accordingly, the plaintiff's request for an award of attorney's fees and costs is denied.

## IV. <u>Conclusion</u>

For the reasons stated above, the plaintiff's motion to remand is hereby DENIED. Furthermore, the plaintiff's request for attorney's fees and costs is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    June 8, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE