```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JOSEPH D. EBERT,

    Plaintiff,

v.                                  Civil Action No. 5:10CV46
                                                    (STAMP)
DESCO CORPORATION,
a foreign corporation,
BELLOFRAM CORPORATION,
a foreign corporation,
BELLOFRAM CORPORATION,
a foreign corporation
d/b/a MARSH BELLOFRAM
and MARSH BELLOFRAM,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANTS' MOTIONS IN LIMINE AS MOOT**

## I. Procedural History

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants, in which they assert federal jurisdiction pursuant to 28 U.S.C. § 1332(a). The plaintiff commenced this civil action in the Circuit Court of Hancock County, West Virginia, alleging that the defendants' negligent acts caused the plaintiff injury when a former employee of Bellofram Corporation ("Bellofram"), Adam Farmer, entered the workplace through an unsecured entrance and shot the plaintiff several times in the hand, shoulder, and neck. Following removal of the action to this Court, the defendants filed a motion to dismiss. This Court granted the defendants' motion to dismiss defendants Bellofram Corporation d/b/a Marsh Bellofram and Marsh

Bellofram, but denied the motion to dismiss as to defendants Bellofram Corporation and Desco Corporation. The two remaining defendants then filed a motion for summary judgment, which is fully briefed and is currently pending before this Court. Also pending are four motions in limine filed by the defendants.

## II. Facts

On March 24, 2008, the plaintiff, Joseph Ebert, was working as an employee of Bellofram at the Marsh Bellofram plant in Newell, West Virginia. At approximately 5:00 p.m., Adam Farmer, a former employee of Bellofram,[1] entered the plant through an unsecured entrance, walked through the interior of the plant, and shot the plaintiff multiple times with a handgun. After shooting the plaintiff, Mr. Farmer killed himself. At the time of the shooting, Mr. Ebert was romantically involved with Mr. Farmer's former girlfriend, Carla St. Clair.[2] Prior to this incident, Bellofram had retained security guards at the plant, but had ceased this practice in December 2005.[3]

---

[1] Mr. Farmer had been terminated from his position of employment with Bellofram on October 25, 2005 for harassing fellow employees.

[2] Ms. St. Clair was romantically involved with Mr. Farmer from 1999 until April 2007. Her romantic involvement with Mr. Ebert, her supervisor, was a violation of Bellofram policy.

[3] The decision to retain security guards was made after James Adkins, an employee who was to be terminated, made threatening comments while drunk in the plant's parking lot.

III. <u>Applicable Law</u>

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718-19 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of

either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

In support of their motion for summary judgment, the defendants first argue that Bellofram, the plaintiff's employer, is immune from suit because West Virginia employees have no cause of action against their employers except under the deliberate intention statute. According to the defendants, the workers'

4

compensation immunity statute, West Virginia Code § 23-2-6, bars both statutory and common law employee claims against an employer. The defendants recognize that an exception to the exclusive remedy of workers' compensation exists when the employer acted with deliberate intention, but the defendants highlight that the plaintiff in this case did not plead deliberate intention.

The plaintiff's complaint is based solely upon an alleged common law right to recover for failure of his employer to provide him with a reasonably safe place to work. In response to the motion for summary judgment, the plaintiff asserts, for the first time, that Bellofram owed a <u>statutory</u> duty to the plaintiff based upon West Virginia Code § 21-3-1 to provide the plaintiff a reasonably safe work environment. Additionally, the plaintiff contends that because his injury did not occur during the course of his employment and as a result of his employment, the Workers' Compensation Act is inapplicable and thus does not bar his claim. Although the plaintiff argues in his response that the defendants breached their statutory duty under West Virginia Code § 21-3-1, the plaintiff's complaint asserts only that the defendants acted negligently by failing to secure their premises, failing to warn the plaintiff of the possibility of workplace violence, and failing to properly train the plaintiff and other employees on how to address issues of workplace violence. (Compl. ¶¶ 16-20.)

Before delving into a statutory analysis, this Court first addresses the plaintiff's claims against Desco Corporation

("Desco"). On March 14, 2011, the parties in this case appeared at the Wheeling point of holding court for a pretrial conference. During this conference, counsel for the plaintiff conceded that Desco is not the plaintiff's employer -- an issue that had previously been disputed in the briefings on the defendants' motion to dismiss. The plaintiff acknowledges that only Bellofram can be considered his employer in this case. As Desco is not the plaintiff's employer, it could not owe a duty to secure the plant, warn the employees, or train the employees. Accordingly, this Court finds that it must grant summary judgment as to Desco.

Turning to the claims against defendant Bellofram, this Court first addresses workers' compensation immunity. West Virginia Code § 23-2-6 states, in pertinent part:

> Any employer subject to this chapter who subscribes and pays into the workers' compensation fund the premiums provided by this chapter or who elects to make direct payments of compensation as provided in this section is not liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which the employer is not in default in the payment of premiums or direct payments and has complied fully with all other provisions of this chapter.

W. Va. Code § 23-2-6. The language of the statute clearly provides broad immunity from both common law and statutory claims for any injury to an employee.[4] See Bias v. Eastern Associated Coal Corp.,

---

[4]This Court notes that although a common law claim for failure to provide a safe work environment does not exist for employees of an employer such as Bellofram, West Virginia law provides that "a general contractor or the employer of an independent contractor has the duty to exercise ordinary care for the safety of an employee of the independent contractor, and to furnish such employee a

640 S.E.2d 540, 544 (W. Va. 2006) ("The legislature intended for W. Va. Code § 23-2-6 (1991) to provide qualifying employers sweeping immunity from common-law tort liability for negligently inflicted injuries."); State ex rel. Frazier v. Hrko, 510 S.E.2d 486, 493 (W. Va. 1998) ("When an employer subscribes to and pays premiums into the [Workers' Compensation] Fund, and complies with all other requirements of the [Workers' Compensation] Act, the employer is entitled to immunity for any injury occurring to an employee and 'shall not be liable to respond in damages at common law or by statute.' W. Va. Code § 23-2-6."). In Bias, the Supreme Court of Appeals of West Virginia explained the three ways by which an employer may lose workers' compensation immunity:

> [A]n employer who is otherwise entitled to the immunity provided by W. Va. Code § 23-2-6 (1991) may lose that immunity in only one of three ways: (1) by defaulting in payments required by the Workers' Compensation Act or otherwise failing to be in compliance with the Act; (2) by acting with "deliberate intention" to cause an employee's injury as set forth in W. Va. Code § 23-4-2(d); or (3) in such other circumstances where the Legislature has by statute expressly provided an employee a private remedy outside the workers' compensation system.

Bias, 640 S.E.2d at 546.

The plaintiff in this case attempts to avoid the workers' compensation immunity statute by claiming that BrickStreet's

---

reasonably safe place in which to work." Hall v. Nello Teer Co., 203 S.E.2d 145, 149 (W. Va. 1974) (citing Roberts v. Kelly Axe & Tool Co., 148 S.E. 70, 72 (W. Va. 1929)). In this case, it appears that the parties do not dispute that the plaintiff is not an independent contractor. Thus, Bellofram owes him no duty to furnish a reasonably safe place in which to work under these cases. Id.

finding that his injuries are non-compensable places him outside the reach of the Workers' Compensation Act.  In his response, the plaintiff also relies on an alleged violation of West Virginia Code § 21-3-1 as prima facie evidence of negligence on the part of Bellofram.  However, this Court finds that the fact that the plaintiff was not awarded workers' compensation benefits by BrickStreet does not remove him from the realm of workers' compensation.  See Messer v. Huntington Anesthesia Group, Inc., 620 S.E.2d 144, 160 (W. Va. 2005) ("To the extent that a worker's injuries are of the type cognizable under W. Va. Code § 23-4-1 for which workers' compensation benefits may be sought . . . we find that the exclusivity provision of the Workers' Compensation Act prohibits recovery outside of the mechanisms set forth in the West Virginia Workers' Compensation Act.").  Further, the allegations of the complaint do not suffice to state a claim either under a common law theory or for violation of West Virginia Code § 21-3-1.  As an employee suing his employer for a workplace injury, the plaintiff's claim is governed by the workers' compensation immunity statute.

Bias details the three ways in which an employee may lose workers' compensation immunity.  In this case, it is undisputed that Bellofram has not defaulted in payments required by the Workers' Compensation Act.  In his response to the motion for summary judgment, the plaintiff claims that West Virginia Code § 21-3-1 places a statutory duty upon the plaintiff to provide a safe workplace, but the plaintiff failed to plead such a claim in

his complaint. Thus, this Court declines to consider the plaintiff's claim for violation of the statutory duty. See 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (upholding the district court's failure to consider claims that were never pled and initially raised in opposition to summary judgment). However, even if the plaintiff had initially pled this statutory violation, this statute does not expressly provide him with a cause of action. Further, as noted, the plaintiff employee has no common law right to sue his employer for failure to provide him with a safe place to work. Finally, the plaintiff did not allege deliberate intention -- the final route to bypass the workers' compensation immunity statute. But even if the plaintiff had asserted a deliberate intention claim, this Court finds that he has failed to satisfy the statutory requirements.

A plaintiff may satisfy a claim of deliberate intention in one of two ways. First, a plaintiff must prove that his employer:

> [A]cted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (A) Conduct which produces a result that was not specifically intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct.

W. Va. Code § 23-4-2(d)(2)(i). Second, a plaintiff must prove the following facts:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

(C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(ii). Importantly, the plaintiff must plead deliberate intention, which the plaintiff did not do in this case.[5] See Marcus v. Holley, 618 S.E.2d 517, 527 (W. Va. 2005) ("[T]he Appellants failed to adequately present a deliberate intention action for evaluation, since their allegations were not presented within their complaint and were forwarded only in their response to the motion for summary judgment.").

---

[5]At the pretrial conference held on March 14, 2011, the plaintiff acknowledged that his complaint does not include a deliberate intention claim.

After analyzing the plaintiff's claims, it is clear that he has not met the statutory requirements of deliberate intention. First, the plaintiff has not shown "[t]hat a specific unsafe working condition existed in the workplace which presented a high degree of risk and strong probability of serious injury or death." W. Va. Code § 23-4-2(d)(2)(ii)(A). Prior to March 24, 2008, there had never been a shooting incident at the plant. Neither the plaintiff, Ms. St. Clair, nor the defendants perceived that Mr. Farmer presented any threat of violence until he entered the plant and pulled a gun on the day of the shooting.

Second, the plaintiff cannot show that Bellofram had "actual knowledge of the existence of the specific unsafe working condition." W. Va. Code § 23-4-2(d)(2)(ii)(B). Clearly, no one predicted that Mr. Farmer would enter the plant almost three years after his employment was terminated, intending to shoot the plaintiff. Even after Mr. Ebert had learned that Mr. Farmer was coming to the plant that day, he expressed no concern. Until the moment that Mr. Farmer pulled out a weapon, the defendants had no knowledge of any threat.

The plaintiff has also failed to prove the third element, which requires a violation of a "federal safety statute, rule or regulation . . . or of a commonly accepted and well-known safety standard within the industry or business of the employer" that is "specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation

or standard generally requiring safe workplaces, equipment or working conditions." W. Va. Code § 23-4-2(d)(2)(ii)(C). The only statute identified by the plaintiff in this case is West Virginia Code § 21-3-1, and the deliberate intention statute prohibits reliance by the plaintiff upon general safety statutes that require safe workplaces and safe working conditions. See id. Further, the plaintiff's expert identified no such standard.

Fourth, the deliberate intention statute requires that "the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition." W. Va. Code § 23-4-2(d)(2)(ii)(D). There is no evidence in this case that Bellofram intentionally exposed the plaintiff to an unsafe working condition. There had been no similar act of violence at the plant, and neither the employer nor the employees could have expected Mr. Farmer to shoot the plaintiff and then himself. Although Bellofram had hired security guards in the past, it had never experienced any threat to its employees of this nature.

Finally, the plaintiff cannot show that he "suffered serious compensable injury . . . as a direct and proximate result of the specific unsafe working condition." W. Va. Code § 23-4-2(d)(2)(ii)(E). Although the plaintiff was seriously injured, his injuries seem to be the proximate result of his romantic relationship with Mr. Farmer's former girlfriend, Ms. St. Clair, rather than the result of an unsafe working condition. In fact, the plaintiff's workers' compensation claim was ruled non-

12

compensable as it did not arise during the course and scope of his employment.[6]  After considering the facts, this Court finds that there is no evidence that the plaintiff's injuries resulted from Bellofram's deliberate intention.  Thus, Bellofram is entitled to summary judgment.

The defendants further argue that even if the plaintiff's claim was not barred by workers' compensation immunity, the plaintiff cannot prevail on a negligence cause of action.  This Court agrees.  Every negligence action requires proof of a legal duty, a breach of that duty, and damage as a proximate result. Sewell v. Gregory, 371 S.E.2d 82,84 (W. Va. 1988).  In this case, Bellofram did not owe a duty to protect its employees from the unforeseen criminal acts of third-parties.  See Yourtee v. Hubbard, 474 S.E.2d 613, 619 (W. Va. 1996) (holding that the owner of a motor vehicle does not owe a duty of ordinary care to those who participate in the theft of that vehicle).  The plaintiff has not shown that the shooting by Mr. Farmer was a reasonably foreseeable event that would give rise to a duty.  See Matthews v. Cumberland & Allegheny Gas Co., 77 S.E.2d 180, 189 (W. Va. 1953) ("Foreseeableness or reasonable anticipation of the consequences of an act is determinative of defendant's negligence.").  Instead, the evidence indicates that no one could have predicted the criminal conduct that occurred at the Bellofram plant on March 24, 2008.

---

[6]Mr. Ebert did not appeal the decision that his claim was not compensable.

Moreover, the shooting of the plaintiff by Mr. Farmer seems to be the result of a personal motives. The plaintiff's workers' compensation claim was denied because his injuries did not arise from and during the course and scope of his employment, and for that same reason, Bellofram owed no duty to protect him from the criminal act of a third-party with personal motives.

Accordingly, for all of the above stated reasons, Bellofram and Desco are entitled to summary judgment.

## V. Conclusion

For the reasons stated above, the defendants' motion for summary judgment (Docket No. 40) is GRANTED. Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court. Further, the defendants' motions in limine one through four (Docket Nos. 44-47) are hereby DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter for defendants Bellofram Corporation and Desco Corporation.

DATED:   March 17, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE